**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHELLEY MIZRAHI, on behalf of herself and all others similarly situated, | Civil Case Number: |
| Plaintiffs, | **CIVIL  ACTION** |
| against | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MALCOLM S. GERALD & ASSOCIATES, INC. | |
| Defendants. | |

Plaintiff SHELLEY MIZRAHI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Varacalli & Hamra, LLP, against Defendant MALCOLM S. GERALD & ASSOCIATES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

1

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal place of business located in Chicago, IL.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant dated August 15, 2017 which attempts to collect an obligation owed to or allegedly owed to Resurgent Capital Services, LP ("Creditor"), that contain the alleged violation arising from Defendant's violation of 15     U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

2

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has,      in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.   Whether Defendant violated various provisions of the FDCPA;

  b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient

adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO SHELLEY MIZRAHI

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid debt allegedly owing to Creditor.

4

15. On or around August 15, 2017 Defendant sent Plaintiff a collection letter (hereinafter referred to as the "Collection Letter", "Letter", "Correspondence", or "Communication").  *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said letter states in pertinent part:

**"BALANCE: $969.44"**

**"PLEASE BE ADVISED THAT MALCOM S. GERALD & ASSOCIATES, AS ACTING AGENT FOR RESURGENT CAPITAL SVCS, LP AGREES TO ACCEPT $600.00 AS A REDUCED PAYMENT IN FUL ON THE ACCOUNT REFERNECED BELOW."**

**"AMOUNT DUE: $969.44"**
**"AGREEMENT OFFER: $600.00"**
**"OFFER GOOD UNTIL: 08/28/2017"**

19. As a result of the following Counts Defendant violated the FDCPA.

**<u>First Count</u>**
**<u>Violations of 15 U.S.C. § 1692g</u>**
**<u>Validation of Debts</u>**

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. One such request is that the debt collector provides "the amount of debt." 15 U.S.C. § 1692g(a)(1).

23. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

24. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

25. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

26. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

27. Defendant's letter fails to clearly and explicitly state the amount due.

28. Defendant's letter lists that the "Balance:" is $969.44.

29. However, directly below such, Defendant's letter also states "Amount Due: $600.00."

30. Defendant's letter identifies a larger "Balance:" than the "Amount Due:" as of the date of the letter.

31. Defendant's letter fails to explain why there is a difference between the amount of the judgment and the amount due as of the date of the letter.

32. The least sophisticated consumer would be confused as to the amount due in order to pay off the debt.

33. Defendant failed to explicitly state the amount of debt.

34. Defendant failed to clearly state the amount of debt.

35. Defendant has violated §1692g as it failed to clearly and explicitly convey the amount of debt.

36. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

37. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least

50 natural persons in the State of New York within one year of the date of this Complaint.

**Second Count**
**Violation of 15 U.S.C. § 1692e(2)**
**False or Misleading Representations Regarding Amount of Debt Due**

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

41. Where a material statement can be read more than one way, one of which being incorrect, the collection letter is false or misleading.

42. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

43. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the amount of debt is unfair and deceptive to the least sophisticated consumer.

44. Here, Defendant altered the amount due while omitting any reason for such deduction and whether a discount or payment was applied to the original amount.

45. The least sophisticated consumer could read the collection letter to mean "Balance:" amount to be the amount that satisfies the debt.

46. The least sophisticated consumer could read the collection letter to mean that the "Amount Due" amount to be the amount that satisfies the debt.

47. Only one of the two readings can be correct.

48. The least sophisticated consumer would likely be misled by Defendant's conduct.

49. The least sophisticated consumer would likely be deceived in a material way by Defendant's

conduct.

50. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**Third Count**
**15 U.S.C. §1692g**
**Failure to Adequately Convey the Amount of the Debt**

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

53. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

54. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

55. Defendant's letter lists that the "Balance:" is $969.44

56. However, directly below such, Defendant's letter also states "Amount Due: $600.00."

57. Defendant's letter fails to explain whether the "Balance:" or the "Amount Due:" will increase as a result of such interest or fees.

58. Further, the letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

59. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

60. The letter fails to advise Plaintiff of the amount of potential interest charges that may accrue.

61. The letter fails to advise Plaintiff of the amount of potential late fees.

62. The letter fails to advise Plaintiff of the amount of money the "Balance" will increase per day.

63. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per week.

64. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per month.

65. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase in any measurable period.

66. The letter fails to advise Plaintiff of the amount of money the "Amount Due" will increase per day.

67. The letter fails to advise Plaintiff of the amount of money the "Amount Due" as of the date of the letter will increase per week.

68. The letter fails to advise Plaintiff of the amount of money the "Amount Due" as of the date of the letter will increase per month.

69. The letter fails to advise Plaintiff of the amount of money the "Amount Due" as of the date of the letter will increase in any measurable period.

70. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

71. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Balance: $969.44" at any time after the receipt of the letter.

72. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Amount Due: $600.00" at any time after the receipt of the letter.

73. The least sophisticated consumer could also reasonably believe that the balance was accurate

only on the date of the letter because of the continued accumulation of fees, interest, or other charges.

74. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

75. If other charges are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

76. For these reasons, Defendant failed to clearly state the amount of the debts.

77. For these reasons, Defendant failed to unambiguously state the amount of the debts.

78. The least sophisticated consumer would be confused as to how she could satisfy the debt.

79. The least sophisticated consumer will be confused as to what he actually owes.

80. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

81. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

82. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

**Fourth Count**
**Violation of 15 U.S.C. §§ 1692e**
**False or Misleading Representations**

83. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

84. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

86. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to

an inaccurate reading by the least sophisticated consumer.

87. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the amount due was static.

88. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the amount due was dynamic due to the continued accumulation of charges and interest or because of unexplained deductions between the "Amount Due" amount and the "Balance" amount.

89. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

90. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

91. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**Fifth Count**
**Violations of 15 U.S.C. §§ 1692g and 1692e, *et al.***

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

94. Pursuant to 15 U.S.C. § 1692g a debt collector sending the consumer a written notice must make the following statements:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt

1

will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing
within the thirty-day period that the debt, or any portion thereof, is disputed,
the debt collector will obtain verification of the debt or a copy of a judgment
against the consumer and a copy of such verification or judgment will be
mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-
day period, the debt collector will provide the consumer with the name and
address of the original creditor, if different from the current creditor

95. Defendants letter fails to express the requisite statements.

96. Defendants letter fails to inform Plaintiff of her right to dispute the debt.

97. Defendants letter fails to inform Plaintiff of her right to gain validation of the debt.

98. Defendants letter fails to inform Plaintiff of her right to gain contact information for the
original creditor of the debt.

99. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading
representation or means in connection with the collection of any debt.

100. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not
preclude a claim of falsity or deception based on non-enumerated practice.

101. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to
an inaccurate reading by the least sophisticated consumer.

102. In the instant case the letter is reasonably susceptible to a reading that Plaintiff is not entitled
to any right to dispute the debt or gain validation of the debt.

103. The letter is also reasonably susceptible to the reading that all rights to dispute the debt or gain
validation of the debt have been forfeited because of the age of the debt, because of the
amount of the debt, or because of the nature of the debt.

104. Either interpretation would conclude in a false or misleading representation as to the least
sophisticated consumer's rights.

105. Thus, the letter is susceptible to numerous interpretations, many of which may misguide the least sophisticated consumer.

106. Accordingly, Defendant violated 15 U.S.C. § 1692g by failing to express the requisite statutory statements.

107. Accordingly, Defendant violated 15 U.S.C. § 1692e by making a false or misleading representation regarding Plaintiff's rights..

<u>**Sixth Count**</u>
**Violations of 15 U.S.C. §§ 1692e, *et al.***

108. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

109. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

110. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

111. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

112. Said offer falsely states or implies that the respective settlement offer is valid UNTIL 8/28/2017.

113. Statements that a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

114. Such false statements are materially false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.

115. The Seventh Circuit has established "safe harbor" language regarding settlement offers in

1

collection letters: As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

116. Defendant did not use the safe harbor language in its communication to Plaintiff.

117. Upon information and belief, the deadline in **Exhibit A** to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

118. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

119. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

120. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

121. The statement in Defendant's August 15, 2017 Letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

122. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1

(a)     Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and the Varacalli & Hamra,

LLP, as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: September 4, 2017

Respectfully submitted,

/s/ SK
Salim Katach, Esq.
 Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022 Phone:
(646) 590-0571
*Attorneys for Plaintiff*

1

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


*/s/ SK*
Salim Katach, Esq.

Dated: September 4, 2017